**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ALLSTATE VEHICLE AND PROPERTY
INSURANCE CO., as subrogee of James Reichle
2775 Sanders Road
Northbrook, IL 60062

       *Plaintiff,*

      v.

STEVE'S ONE STOP HOME IMPROVEMENT,
LLC
5206 Archmere
Cleveland, OH 44144

       *Defendant*.

Case No.:

JUDGE:

JURY DEMAND ENDORSED
HEREON

---

## ALLSTATE VEHICLE AND PROPERTY INSURANCE CO.'S COMPLAINT

---

NOW COMES Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE CO.,

(hereinafter referred to as "ALLSTATE"), as subrogee of James Reichle, by and through counsel,

complains of Defendant, STEVE'S ONE STOP HOME IMPROVEMENT, LLC, (hereinafter

referred to as "STEVE'S"), and for its Complaint states the following:

### THE PARTIES

1.     At all times relevant, ALLSTATE was and is an insurance company duly

authorized to do business in the State of Ohio.

2.     At all times relevant, James Reichle was the owner and occupant of 13173 Quarry

Road, Oberlin, Ohio 44074, (hereinafter referred to as "Subject Property").

3.     At all times relevant, STEVE'S was a business entity conducting business within

the State of Ohio.

4.     At all times relevant, James Reichle carried a policy of insurance issued by ALLSTATE, which provided coverage for, *inter alia*, loss and property damage caused by fire.

## JURISDICTIONAL STATEMENT

5.     Allstate is an Illinois corporation with its principal place of business in Illinois. Steve's is an Ohio corporation with its principal place of business in Ohio.  The damages at issue are in excess of $75,000 and as the parties are citizens of different states, jurisdiction exists pursuant to 28 U.S.C. 1332, diversity jurisdiction.

6.  Venue is proper as the incident occurred in Oberlin, Ohio, within the Northern District of Ohio and within the Eastern Division.  All parties actively have engaged in operations within the county of this District and Division and venue is proper within the Northern District of Ohio, Eastern Division.

## GENERAL ALLEGATIONS

7.     On or about September 17, 2020, employees of STEVE'S were present at the Subject Property installing windows.

8.     Upon information and belief, while the employees of STEVE'S were installing the new windows at the Subject Property, James Reichle observed the employees of STEVE'S smoking cigarettes by the mulch landscaping.

9.     Upon information and belief, the employees of STEVE'S left the Subject Property at around 1:30 p.m.

10.     Upon information and belief, the subject fire started about forty-five (45) minutes after the employees of STEVE'S left the Subject Property.

11.     Upon investigating the origin and cause of the fire, Newport, non-menthol cigarette

butts from a red box were found in the area where the subject fire originated.

12.     The authorities, as a result of their investigation, concluded that the fire was caused by the careless and improper disposal of smoking materials.

13.     Upon information and belief, James Reichle does not smoke cigarettes, and the only individuals who smoked cigarettes on the property around the time of the subject fire were employees of STEVE'S.

14.     Furthermore, upon information and belief, employees of STEVE's smoked Newport, non-menthol cigarettes.

## SUBROGATION AND DAMAGE ALLEGATIONS

15.     At all times relevant, the Subject Property was the subject of a policy of insurance written by ALLSTATE, which provided coverage for, *inter alia*, loss and property damage caused by fire.

16.     Pursuant to the policy of insurance, James Reichle made a claim seeking indemnification and reimbursement for the damages sustained as a result of the subject fire.

17.     ALLSTATE, pursuant to the policy of insurance held by James Reichle, has paid to, or on behalf of, James Reichle an amount of $185,574.00.

18.     In consideration of these payments by ALLSTATE to James Reichle, and by operation of law, ALLSTATE became an actual, *bona fide* subrogee of James Reichle and became subrogated to all rights and claims that James Reichle may have against any person or entity that may be liable for causing the aforementioned property damage to the extent of the payments made.

## COUNT I - NEGLIGENCE

19.     Plaintiff, ALLSTATE, repeats, realleges, and incorporates the allegations contained in Paragraphs 1 through 18 of this Complaint as if fully set forth herein Count I.

20.     At all times pertinent hereto, STEVE'S, by and through its agents and employees, had a duty to act with reasonable care and not damage the property owned by James Reichle.

21.     Notwithstanding said duties, STEVE'S, by and through its agents and employees, was liable of one or more of the following acts or omissions to act:

    a.   Carelessly and negligently conducted themselves while at the Subject Property;

    b.   Carelessly and negligently failed to dispose of smoking materials in a proper manner;

    c.   Carelessly and negligently failed to ensure that the smoking materials were extinguished before disposing of them;

    d.   Carelessly and negligently failed to ensure that the smoking materials were not disposed of in an area with flammable materials; and/or

    e.   Was otherwise careless and negligent.

22.     On or about September 17, 2020, and as a direct and proximate result of the aforesaid acts or omissions to act on the part of STEVE'S, by and through its agents and employees, a fire started in the mulch landscaping of the Subject Property damaging both real and personal property belonging to James Reichle, in addition to other related damages.

23.     Pursuant to the policy of insurance issued to James Reichle, ALLSTATE paid to, or on behalf of, James Reichle an amount of $185,574.00 as indemnification and reimbursement for the damages suffered to his real and personal property due to the subject fire.

24.     In consideration of said payments, and by operation of law, ALLSTATE became an actual, *bona fide* subrogee of James Reichle and is subrogated to all rights, claims, and interests that he may have against any person or entity responsible for this occurrence and the resulting damages.

4

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ALLSTATE VEHICLE AND PROPERTY INSURANCE CO.,

as subrogee of James Reichle, respectfully requests judgement to be entered in its favor and against

Defendant, STEVE'S ONE STOP HOME IMPROVEMENT, LLC, in the amount of $185,574.00

plus interest, costs, fees, and other relief this Court deems equitable and just.

Respectfully submitted,

*/s/ Leslie E. Wargo*
Leslie E. Wargo (0073112)
Wargo Law, LLC
1501 North Marginal Road, Suite 182
Cleveland, Ohio 44114-3738
Telephone: (216) 403-3350
Facsimile: (216) 744-1816
Email: Leslie@wargo-law.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury with the maximum number of jurors.

*/s/ Leslie E Wargo*
Leslie E. Wargo (0073112)